IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LASHAUNNA D. MCCONNELL<br><br>**Plaintiff,**<br><br>v.<br><br>**WILLIAM HENRY BRAUM'S,** *et al.*,<br><br>**Defendants.** | Case No. 20-CV-615-JFH-CDL |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants William Henry Braum and Drew Braum ("Individual Defendants"). Dkt. No. 9. For the reasons set forth below, the Individual Defendant's Motion to Dismiss [Dkt. No. 9] is **GRANTED**.

## BACKGROUND

Plaintiff Lashaunna D. McConnell ("Plaintiff") filed her Complaint initiating this matter on November 30, 2020. Dkt. No. 1. In her Complaint, Plaintiff asserts two Title VII claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5: (1) race discrimination; and (2) retaliation. *Id*. Plaintiff asserts these claims against her former employer, Braum's, and against William Henry Braum and Drew Braum, individually, in their capacity as owners of Braum's. Dkt. No. 1; Dkt. No. 11.

## STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Although decided within an antitrust context, *Twombly* "expounded the pleading standard for all civil actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## ANALYSIS

"Under long-standing [Tenth Circuit] precedent, supervisors and other employees may not be held personally liable under Title VII." *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083, n.1 (10th Cir. 2007). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id*. (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)). Further, while owners, supervisors, or employees acting in their official capacities may be named as defendants in a Title VII action it is only as a "procedural mechanism" used to sue the employer under agency theory. *Williams*, 497 F.3d at 1083, n.1. Although a plaintiff may name a supervisor or owner in a Title VII action, it is only

within the context as an alter ego of the company and "is superfluous where, as here, the employer is already subject to suit directly in its own name." *Lewis v. Four B Corp.*, No 04-3471, 211 Fed. Appx. 663, 665 n.1 (10th Cir. Aug. 11, 2005).

Plaintiff unequivocally asserts claims against Braum's as her former employer.[1] Plaintiff also makes clear that she does not bring claims against the Individual Defendants as employers, but rather as the *owners* of her former employer, Braum's. Dkt. No. 11. Therefore, because Plaintiff has sued her former employer, Braum's, in its own name, and because the Tenth Circuit does not recognize individual liability under Title VII, dismissal of Plaintiffs claims against the Individual Defendants is proper.

**IT IS THEREFORE ORDERED** that Defendants William Henry Braum and Drew Braum's Motion to Dismiss [Dkt. No. 9] is **GRANTED** and that all claims asserted against Defendants William Henry Braum and Drew Braum are **DISMISSED** with prejudice.

DATED this 7th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff misnames Braum's, Inc. as "Braum's Ice Cream," "Braum's Dairy Ice Cream and Dairy," and "Braum's Ice Cream & Dairy" throughout her Complaint, the parties agree that Plaintiff intended to name Braum's, Inc. Dkt. No. 1; Dkt. No. 8 at 1; Dkt. No. 11.