IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

LASHAUNNA D. MCCONNELL

    Plaintiff,

v.

WILLIAM HENRY BRAUM'S, *et al.*,

    Defendants.

Case No. 20-CV-615-JFH-CDL

**OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by Defendant Braum's, Inc. ("Braum's"). Dkt. No. 8.[1] For the reasons set forth below, Braum's Motion to Dismiss [Dkt. No. 8] is **GRANTED**.

**BACKGROUND**

Plaintiff Lashaunna D. McConnell ("Plaintiff") filed her Complaint initiating this matter on November 30, 2020. Dkt. No. 1. In her Complaint, Plaintiff asserts two Title VII claims under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5: (1) race discrimination; and (2) retaliation. *Id*. Plaintiff asserts these claims against her former employer, Braum's, and against William Henry Braum and Drew Braum, individually, in their capacity as owners of Braum's (the "Individual Defendants"). Dkt. No. 1; Dkt. No. 11. Both Braum's and Individual Defendants filed motions to dismiss Plaintiff's Complaint. Dkt. No. 8; Dkt. No. 9. Plaintiff filed a response opposing the motions to dismiss, and Braum's and the Individual Defendants each filed replies. Dkt. No. 11; Dkt. No. 12; Dkt. No. 13.

---

[1] Although Plaintiff misnames Braum's, Inc. as "Braum's Ice Cream," "Braum's Dairy Ice Cream and Dairy," and "Braum's Ice Cream & Dairy" throughout her Complaint, the parties agree that Plaintiff intended to name Braum's, Inc. Dkt. No. 1; Dkt. No. 8 at 1; Dkt. No. 11.

On April 7, 2022, the Court dismissed Plaintiff's claims against the Individual Defendants. Dkt. No. 14. That same day, the Court issued an Order inviting Plaintiff to amend her Complaint to address procedural and substantive deficiencies identified in Braum's Motion to Dismiss. Dkt. No. 15. Plaintiff did not file an amended complaint, but rather filed an untitled pleading asking that the Court "hear the complaint." Dkt. No. 14. In this pleading, Plaintiff asserted that she has "stated a claim upon which [she] believe[s] relief can be granted . . ." and requests that her Complaint be heard. *Id*. at 1. To the extent that Plaintiff is requesting a hearing on Braum's Motion to Dismiss [Dkt. No. 8], that request is denied. It is within this Court's discretion whether to hold a hearing on a 12(b)(6) motion. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) abrogated on other grounds *by Jones v. Bock,* 549 U.S. 199 (2007).

**STANDARD**

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc*., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature.

*Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Therefore, if the Court "can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Id*. At the same time, a Court is not to assume the role of advocate for the pro se litigant. *Id*. A broad reading of a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110.

Plaintiff has asserted Title VII claims of discrimination and retaliation. Dkt. No. 1. Under Title VII, it is unlawful "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may prove a Title VII violation through either direct or circumstantial evidence. *See Furr v. AT & T Techs., Inc.*, 824 F.2d 1537, 1548-49 (10th Cir. 1987). Where a plaintiff presents no direct evidence of a Title VII violation, the court must evaluate a plaintiff's Title VII claims according to the burden-shifting framework of *McDonnell Douglas Corp. v.*

*Green*, 411 U.S. 792, 802-03 (1973). *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

Under the *McDonnell Douglas* framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of discrimination or retaliation. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (internal citations omitted). Once the plaintiff has established a prima facie case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. *Id*. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual. *Id*. "A plaintiff typically makes a showing of pretext in one of three ways: (1) with evidence that the defendant's stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff." *Id*. at 1230 (internal citations omitted). "A plaintiff who wishes to show that the company acted contrary to an unwritten policy or to company practice often does so by providing evidence that he was treated differently from other similarly-situated employees who violated work rules of comparable seriousness." *Kendrick*, 220 F.3d at 1230 (citing *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir.1997)).

## ANALYSIS

Although her Complaint does not set forth any facts on which her claims are based, Plaintiff attached her Charge of Discrimination Form filed with the Equal Employment Opportunity Commission ("EEOC Charge") to her Complaint which sets forth her allegations of discrimination and retaliation. Dkt. No. 1. "[A] written document that is attached to the complaint as an exhibit

is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall*, 935 F.2d at 1112.

### A. Discrimination

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). As Plaintiff sets forth no direct evidence of a Title VII violation, the Court will evaluate Plaintiff's claim of discrimination according to the burden-shifting framework of *McDonnell Douglas. See Adamson*, 514 F.3d at 1145. A prima facie case of employment discrimination is established by facts showing that the plaintiff (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position at issue, and (4) was treated less favorably than others not in the protected class. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Plaintiff has adequately plead that she belongs to a protected class: African American female. Dkt. No. 1 at 1. Regarding adverse employment action, Plaintiff alleges that her store manager "said harassing things to [her] throughout the hours when [she] was scheduled to work with him" and encouraged others to "treat [her] the same way." *Id*. at 4. These statements set forth mere conclusory allegations without any factual support. For example, Plaintiff does not state what "harassing things" her store manager said to her or describe in what way her store manager was encouraging others to treat her or under what context.

Additionally, Plaintiff complains of the following treatment: (1) she was assigned extra duties right before the time she was scheduled to clock-out; (2) she was told by management that she could not leave for the day until her assigned duties were completed; (3) she was scheduled to

work on days that conflicted with her personal schedule; (4) and her work schedule was often changed after she left for the day. Dkt. No. 1 at 4-5. Plaintiff does not allege a significant change in her employment status, such as being fired, passed up for a promotion, or receiving a job reassignment with significantly different responsibilities. *See Stinnet*, 337 F.3d at 1217. Even viewing the treatment Plaintiff complains of in the light most favorable to Plaintiff, it consists of nothing more than mere inconveniences and minor alterations to her job responsibilities, which do not rise to the level of adverse employment action. *See Piercy*, 480 F.3d at 1203. More importantly, however, Plaintiff's Complaint fails to allege facts connecting any adverse treatment to her race.

In her Response to Braum's Motion to Dismiss ("Response"), Plaintiff clarified that her claim of discrimination is based upon an incident that occurred on June 6, 2019, in which her manager, Dustin Landers ("Landers"), explained that he had reduced her hours because "YOU ARE TELLING PEOPLE I AM RACIST." Dkt. No. 11 at 1. However, even viewing this statement in the light most favorable to Plaintiff, it does not indicate that Landers decreased her hours *because of her race*. While Title VII makes it unlawful for an employer to discriminate against an individual "because of such individual's race," it is not unlawful to reduce an individual's hours because an individual made statements that her employer is racist. "[T]he inquiry is whether defendant intentionally discriminated against plaintiff *based on protected class characteristics*." *Jones v. Denver Post Corp.*, 203 F.3d 748, 752 (10th Cir. 2000) (internal citations omitted) (emphasis added), abrogated on other grounds *by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Making statements that someone is racist is not a characteristic of someone's race. Plaintiff makes no allegations that Landers, or Braum's, decreased her hours based on her status as a member of a protected class.

Finally, Plaintiff does not make any allegations whatsoever regarding the treatment of other similarly situated employees. Without this information, the Court cannot determine whether Plaintiff was treated any less favorably than others not in the protected class. For these reasons, Plaintiff has not alleged sufficient facts to meet her burden of setting forth a prima facie case of discrimination.

### B. Retaliation

Under Title VII, it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice . . . ." *See* 42 U.S.C. § 2000e–3(a). As with Plaintiff's claim of discrimination, Plaintiff has presented no direct evidence of retaliation. The Court thus relies on the *McDonnell Douglas* burden-shifting framework to evaluate Plaintiff's claim. *See Adamson,* 514 F.3d at 1145. A prima facie showing of retaliation requires facts that show that: (1) plaintiff engaged in a protected activity; (2) she suffered a material adverse action; and (3) there was a causal connection between the protected activity and the adverse action. *Thomas v. Berry Plastics Corp.*, 803 F.3d 510, 514 (10th Cir. 2015); *see also Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1202 (10th Cir. 2006).

Regarding her claim for retaliation, Plaintiff alleges that she "experienced retaliation for [her] complaints of racial discrimination from [Landers] that [Plaintiff] had reported when [Landers] worked for [Braum's] previously." Dkt. No. 1 at 4. In her Response, Plaintiff further clarified that her claim of retaliation is based upon her termination from Braum's on October 10, 2019. Dkt. No. 11 at 1. Plaintiff states that she did not know why she was fired until her application for unemployment benefits was denied because Braum's stated that she was fired for "insubordination." *Id*. However, in her EEOC Charge, Plaintiff describes her termination as

7

resulting from her failure to complete an assigned duty before leaving her shift. Dkt. No. 1 at 5. Other than a vague assertion regarding "complaints of racial discrimination" from some unspecified time, Plaintiff has not alleged facts sufficient to show that she engaged in a protected activity.

Even if Plaintiff had demonstrated that she engaged in a protected activity, Plaintiff has set forth no facts to show that there was any causal connection between that protected activity and her termination in October 2019. Plaintiff herself explained her termination as resulting from her failure to complete an assigned duty before leaving her shift. Dkt. No. 1 at 5. Plaintiff further explained that Braum's stated she was terminated for "insubordination." Dkt. No. 11. Insubordination is a legitimate, nondiscriminatory reason for Braum's to terminate Plaintiff. Plaintiff makes no allegations that Braum's justification is false, nor that Braum's action was contrary to any written or unwritten company policy. Likewise, Plaintiff makes no allegations whatsoever regarding the treatment of similarly situated employees. Without this information, the Court cannot determine whether Plaintiff was treated any less favorably than others not in the protected class. Plaintiff has failed to show that Braum's justification for her termination is pretextual. For these reasons, Plaintiff has not alleged sufficient facts to meet her burden of setting forth a prima facie case of discrimination.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Braum's Inc.'s Motion to Dismiss [Dkt. No. 8] is **GRANTED** and that all claims asserted against Defendant Braum's Inc. are **DISMISSED** without prejudice.

DATED this 29th day of April 2022.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE